Edward J. LOEW, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 99–35781.

D.C. No. CV–98–00620–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Dec. 12, 2001.

Before REAVLEY,* B. FLETCHER,
and TALLMAN, Circuit Judges.

## MEMORANDUM [1]

Edward J. Loew seeks a refund of $40,750 paid to the Internal Revenue Service in partial satisfaction of a trust fund recovery penalty assessed against him personally under § 6672 of the Internal Revenue Code. 26 U.S.C. § 6672. His company had failed to pay over taxes withheld from employees that are required to be held in trust for the government. The district court entered summary judgment in favor of the government. For purposes of appeal, Loew does not dispute that he was a person responsible for paying over withheld employment taxes for Jedi Enterprises, Inc. ("Jedi"). Loew appeals only the district court's determination that there is no genuine issue of material fact as to whether Loew acted willfully in failing to pay the tax. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual background, we do not recite the details here.

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We have defined willfulness "as a voluntary, conscious and intentional act to prefer other creditors over the United States." *Davis v. United States,* 961 F.2d 867, 871 (9th Cir.1992). Thus, if Loew deliberately used unencumbered corporate revenues to pay commercial creditors after discovering the tax debt, his failure to pay the IRS would be considered willful. *Purcell v. United States,* 1 F.3d 932, 938–39 (9th Cir.1993); *Davis,* 961 F.2d at 876. Loew argues that a genuine issue of material fact exists regarding whether Jedi had any unencumbered funds with which to pay the IRS.

Loew maintains that all of Jedi's funds were encumbered by a perfected security interest in the company's assets held by Union National Bank & Trust Company of Elgin, Illinois. However, Loew submitted no evidence showing that the bank had imposed restrictions on the use of the Jedi's funds pursuant to the security agreement. As a result, it is undisputed that Jedi's funds were not encumbered in such a way that their use for a purpose other than paying the delinquent taxes would not be considered willful. *Purcell,* 1 F.3d at 938–39 (deciding that a company's funds were not "encumbered" by a security interest for purposes of § 6672 when the secured party had imposed no restrictions on the use of the funds).

Loew also argues that, because Jedi's chief financial officer deposited embezzled funds belonging to the Resolution Trust Corporation ("RTC") into Jedi's account, Jedi's funds were encumbered by a constructive trust in favor of the RTC. Although the RTC may have had a superior interest in the embezzled funds as the true owner, Loew allowed Jedi to use the funds as its own to pay its regular commercial creditors rather than the United States. By this act, Loew voluntarily, consciously,

and intentionally preferred other creditors over the United States, demonstrating willfulness. *See Sorenson v. United States,* 521 F.2d 325, 328 (9th Cir.1975) (finding that the use of personal loan proceeds for the payment of corporate obligations transformed the funds into "funds of the corporation" that should have been used to pay the government rather than other creditors). In addition, the RTC funds represented but a small portion of the more than $500,000 that Jedi had available to pay the government. Thus, the district court did not err in concluding that the presence of the embezzled funds in Jedi's account does not preclude a finding of willfulness.

Because Loew has failed to raise a genuine issue of material fact that he did not act willfully, we affirm the district court's summary judgment in favor of the government.

AFFIRMED.